RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 6/17/05
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| PETE SMITH | CIVIL ACTION NUMBER 05-0960 |
| VERSUS | SECTION "P" |
| WARDEN MENIFEE | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMENDATION

Before the Court is a petition for a writ of *habeas corpus* filed on June 2, 2005, pursuant to 28 U.S.C. § 2241, in forma pauperis by pro se plaintiff, **PETE SMITH**, who is currently confined at the United States Penitentiary in Pollock, Louisiana ("U.S.P. Pollock"). This § 2241 *habeas corpus* petition was referred to the undersigned Magistrate Judge for review, report and recommendation pursuant to this court's standing order.

## PROCEDURAL HISTORY

Petitioner asserts that his due process rights were violated in violation of the U.S. Constitution. On May 7, 2005 Petitioner was issued an incident report for fighting. [Doc. 14, p.3] Petitioner was convicted of this offense and lost 14 days of good conduct time as a penalty. Petitioner asserts that as a result of this conviction, his release to a halfway house will be delayed. Petitioner also asserts that the inmate with whom Petitioner was fighting was not brought before the disciplinary board, and this makes Petitioner's disciplinary conviction a

violation of the Due Process Clause. Lastly, Petitioner admits he failed to pursue his administrative remedies. [Rec. Doc. 1, p. 5] He provides an excuse that his release to a halfway house is scheduled for November and there is insufficient time to pursue his administrative remedies.

## **LAW AND ANALYSIS**

*Habeas corpus* relief is available to a person who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254, 2241. However, the right to pursue *habeas* relief in federal court is qualified. It is well settled that a petitioner in state custody seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts with the first opportunity to pass upon and correct alleged constitutional violations. Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); Shute v. Texas, 117 F.3d 233 (5th Cir. 1997).

The exhaustion requirement applies equally to federal prisoners seeking habeas relief. A §2241 petitioner must first exhaust his administrative remedies through the Bureau of Prisons

2

before proceeding to federal court. Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993). (Upholding the district court's dismissal for failure to exhaust administrative remedies within the BOP system) See also United States v. Gabor, 905 F.2d 76, 78 (5th Cir. 1990).

Petitioner has failed to exhaust administrative remedies before proceeding to federal court.

**DUE PROCESS**

Prisoner's have a liberty interest in accumulated good time credit, and revocation of good time credits must comply with minimal due process requirements. Henson v. U.S. Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000).

Due process requires that prisoners in prison disciplinary hearings resulting in loss of good-time be afforded advance written notice of claimed violation, written statement of fact findings, and right to call witnesses and present documentary evidence where such would not be unduly hazardous to institutional safety or correctional goals. Wolff v. McDonnell, 418 U.S. 539, 565-66 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff at 556.

Due process requirements are satisfied when **"some evidence"**

3

supports the disciplinary conviction and subsequent credit revocation. <u>Superintendent, Massachusetts Correctional Institution v. Hill</u>, 472 U.S. 445 (1985). The proper inquiry is whether there is any evidence in the record to support the conclusion of the disciplinary board. Id. at 455. In <u>Hill</u> three prisoners challenged a disciplinary board decision that revoked good time credits based on a guards testimony that he heard an altercation, discovered an inmate who had just been assaulted and saw the three inmates running away from the scene. <u>Superintendent, Massachusetts Correctional Institution v. Hill</u> at 445. The court characterized the evidence as meager, and conceded that there was not direct evidence identifying which of the three inmates committed the assault, but held this satisfied due process requirements because the record was not devoid of evidence, nor did it completely lack support. Id. at 446.

Petitioner admits fighting. [Rec. Doc. 1-4, p. 2] Petitioner was convicted of fighting. He does not assert traditional due process challenges to the disciplinary board conviction. Instead, he argues that because the person he fought with was not prosecuted due to his impending release from prison, ~~and~~ therefore, Petitioner should also not be prosecuted. [Rec. Doc. 1-4, p.2]. This claim has no merit. Because there is some evidence supporting the disciplinary board's decision, including Petitioner's own assertions, this claim should be dismissed with

4

prejudice.

For the above reasons, **IT IS RECOMMENDED** that this action should be **DISMISSED WITH PREJUDICE**.

### OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _17th_ day of _June_, 2005.

                                       JAMES D. KIRK
                                       **UNITED STATES MAGISTRATE JUDGE**